## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

Chapter 7

In re:

Bky. Case No.  07-43618-RJK

Seasonal Concepts, Inc.,

                     Debtor.

John R. Stoebner, Trustee,

Adv. No. 09-_____

                     Plaintiff,

           v.

**COMPLAINT**

Carl M. Wolk, individually, and as Trustee
under the Carl M. Wolk Revocable Trust
dated June 30, 1996, and Marvin S.
Stillman, individually and as Trustee under
the Marvin S. Stillman Revocable Trust
dated June 30, 1996,

                     Defendants.

---

1.      This adversary proceeding is commenced pursuant to Fed. R. Bankr. P. 7001 et

seq. and 11 U.S.C. §§544(b), 548 and 550.  This court has jurisdiction over this adversary

proceeding pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 7001(1) and Local Rule

1070-1.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b) (2).  The

petition commencing this case under Chapter 11 was filed October 9, 2007.  The case was

converted to Chapter 7 on March 14, 2008, and John R. Stoebner was appointed as Trustee for

the Chapter 7 bankruptcy estate; this case is now pending before this Court.

2.      Defendants are subject to jurisdiction in this Court, and venue is proper pursuant

to 28 U.S.C. § 1409.

3.     At times material herein, Defendants Carl M. Wolk (individually, and as Trustee under the Carl M. Wolk Revocable Trust dated June 30, 1996) ("Wolk"), and Marvin S. Stillman (individually and as Trustee under the Marvin S. Stillman Revocable Trust dated June 30, 1996) ("Stillman"), (collectively, "Wolk and Stillman"), were officers and controlling shareholders of Seasonal Concepts, Inc. ("Debtor"), and were "insiders" of Debtor within the definitions of 11 U.S.C. §101(32), and various state-law provisions relevant to this complaint, including Missouri [Mo. Rev. Stat. §428.009(7)], Iowa [Iowa Code §684.1 (7)], and Oklahoma [Oklahoma Statutes 24-113 (7)].

4.     Pursuant to the Stock Purchase and Redemption Agreement dated March 15, 2005, Debtor redeemed from Wolk and Stillman 470 shares of Seasonal Concepts, Inc. stock, for which Debtor paid an aggregate purchase price of $500,000.00, providing $250,000.00 to each of Wolk and Stillman (the "Redemption Transfers").

5.     Debtor received less than a reasonably equivalent value in exchange for the Redemption Transfers.

9.     Debtor was either insolvent at the time of the Redemption Transfers or became insolvent as a result of the Redemption Transfers, and was otherwise left with unreasonably small capital.  For example, by January 31, 2006, audited financial statements for Debtor showed assets of $13,562.520 and liabilities of $14,241,599.

10.     At the time of commencement of the bankruptcy case and prior thereto, there existed numerous unsecured creditors of Debtor, who were located in the states of Minnesota, Iowa, Missouri, and Oklahoma, and who have standing to assert rights under the applicable statutes in each state, including Minnesota [Minn. Stat. §513.41, et seq.], Iowa [Iowa Code

§684.1,et seq.], Missouri [Mo. Rev. Stat. § 428.005, et seq.], and Oklahoma [Oklahoma Statutes §24-112, et seq.]

11.     The stock redemption payments to Wolk and Stillman  are avoidable by the trustee in bankruptcy pursuant to 11 U.S.C. § 544, and  Minn. Stat. §513.41 et seq., Iowa Code §684.4, Mo. Rev. Stat. §428.024, and Oklahoma Statutes §24-116 (A) (2).

12.     Upon information and belief, both Wolk and Stillman were parties with Debtor to separate Split-Dollar Insurance Agreements related to life insurance policies on the lives of Wolk and Stillman.

13.     Upon information and belief, on or about September 5, 2003, ING/Reliastar issued a life insurance policy in the benefit amount of $1,000,000.00 upon the life of Wolk.

14.     Upon information and belief, on or about February 24, 2006, Pacific Life issued a life insurance policy in the benefit amount of $750,000.00 upon the life of Marvin Stillman.

15.     Upon information and belief, the above-mentioned life insurance polices on Wolk and Stillman were subject to the respective Split-Dollar Agreements.

16.     Upon information and belief, on or about June 11, 2007, Wolk sold the insurance policy on his life for the cash value of $310,000, but Debtor was not paid the amounts it was owed under the Split-Dollar Agreement.

17.     Upon information and belief, on or about August 1, 2007, the policy  on Stillman's life was transferred by Debtor to Stillman for no consideration (collectively with the sale of the Wolk policy, the "Insurance Transfers").

18.     Debtor received less than a reasonably equivalent value in exchange for the Insurance Transfers.

19. Debtor was either insolvent at the time of the Insurance Transfers or became insolvent as a result of the Insurance Transfers.

20. The Insurance Transfers are avoidable by the Trustee in bankruptcy pursuant to 11 U.S.C. § 548.

20. Pursuant to 11 U.S.C. § 550(a), the Trustee may recover from Defendants all avoided Redemption Transfers or Insurance Transfers, or the value thereof.

WHEREFORE, Plaintiff prays for Judgment against Defendants Carl M. Wolk, individually, and as Trustee under the Carl M. Wolk Revocable Trust dated June 30, 1996, and against Marvin S. Stillman, individually and as Trustee under the Marvin S. Stillman Revocable Trust dated June 30, 1996, as follows

1. For judgment against Defendant Carl M. Wolk, individually, and as Trustee under the Carl M. Wolk Revocable Trust dated June 30, 1996; avoiding the Redemption Transfers and the Insurance Transfers and awarding Plaintiff the value thereof, in an amount of not less than $250,000.00;

2. For judgment against Defendant Marvin S. Stillman, individually and as Trustee under the Marvin S. Stillman Revocable Trust dated June 30, 1996, avoiding the Redemption Transfers and the Insurance Transfers and awarding Plaintiff the value thereof, in an amount not less than $250,000.00;

3. For judgment avoiding such other and further transfers and awarding recovery as may be determined by the Court;

4. For recovery of interest on all avoided transfers from the date of transfer, and for recovery of Plaintiff's costs and disbursements herein; and

5.     For such other and further relief as may be equitable and just.

October 9, 2009                           KALINA, WILLS, GISVOLD & CLARK, P.L.L.P.


By: ___*/e/ Gordon B. Conn, Jr.*_____
          Gordon B. Conn, Jr. (#18375)
6160 Summit Drive, Suite 560
Minneapolis, MN 55430
Tel. (612) 789-9000
Fax (763) 503-7070
conn@kwgc-law.com
Attorneys for Plaintiff John R. Stoebner, Trustee


## VERIFICATION

John R. Stoebner, as trustee of the chapter 7 bankruptcy estate of Seasonal Concepts, Inc., Plaintiff herein, declares under penalty of perjury that he has read the foregoing Complaint and that the facts set forth therein are true and correct according to the best of his knowledge, information, and belief.

/e/  John R. Stoebner
**JOHN R. STOEBNER, as Trustee of
the Chapter 7 bankruptcy estate of
Seasonal Concepts, Inc.**